# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

JAVAR GRAVES,                                   Case No. 19-cv-2146 (NEB/DTS)

          Plaintiff,

v.                                                          **REPORT AND RECOMMENDATION**

MICHAEL BROWN,

          Defendant.

Plaintiff Javar Graves did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court concludes that Graves has not established that he is financially eligible for IFP status. In fact, his IFP application is nearly blank: no information whatsoever has been provided regarding Graves's current or past income, expected future income, assets, expenses, or other obligations. *See* ECF No. 2. Without additional financial information, this Court cannot conclude that Graves qualifies for IFP status.

Moreover, and more importantly for present purposes, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). Like his IFP application, Graves's complaint is nearly blank. *See* ECF No. 1. No basis for this Court's jurisdiction has

1

been pleaded by Graves; no factual allegations have been included whatsoever; no legal claims have been included. *Id.* The Court has no way of knowing what this litigation is intended to be about. Plainly put, the little that Graves has provided to the Court —the name of the parties and nothing more — fails to put the defendant on notice of the claims against him and therefore does not amount to a viable claim for relief.

Accordingly, this Court now recommends that this matter be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A dismissal without prejudice will permit Graves to return to court and replead his claims when he is prepared to do so. In the meantime, however, this matter cannot go forward.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.     This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.     The application to proceed *in forma pauperis* of plaintiff Javar Graves [ECF No. 2] be DENIED.

Dated: August 14, 2019                       s/David T. Schultz
                                             DAVID T. SCHULTZ
                                             United States Magistrate Judge

## <u>NOTICE</u>

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).